COMMERCIAL ACCEPTANCE COMPANY ET AL. *v.* BETZLER.

[No. 14,455. Filed October 27, 1932.]

*Frank King, Albert Thayer* and *John J. Kelly,* for appellants.

*M. L. Clawson,* for appellee.

KIME, P. J.—This was a suit to set aside a default rendered against appellant in another action wherein appellee was plaintiff and appellants the defendants. It was filed June 17, 1931.

It appears by verified complaint that the first suit was filed on March 31, 1931, in the Marion Superior Court, by appellee; that appellant (the defendants) filed a motion to strike out certain parts of the complaint; that this motion was overruled and followed by a rule to plead over by the 9th day of June, 1931. This rule was not complied with, and on the next day, June 10, appellee moved for a default for failure to plead, and appellants were defaulted. The court continued the matter until June 29, 1931, for the purpose of hearing evidence as to the amount of the damage. This case at bar was filed June 18, 1931.

It does not appear from the verified complaint and the counter affidavit, which is all we have before us, there being no evidence, that a judgment was ever entered in the first case. If there was no judgment, the proper procedure was a motion to set aside said default in that case and not a complaint in a new suit.

The appellants are confused in the meaning of default. They assume it means judgment. Here the lower court said in effect to the appellants (the defendants in that first case), because you did not answer when ruled, you

are in default. Because they were in default, the court determined that they should not be allowed to plead further. No judgment was rendered then, as the damage was not self-evident. None could be until the court heard evidence as to the damages sustained. The court knew that this could not be done, and said that evidence would be heard at a later date. That time had not arrived when the appellants filed the suit to have the judgment set aside. There can be no doubt but that it was filed prematurely.

The error assigned was the overruling of a motion for a new trial.

The judgment of the Marion Superior Court is affirmed, and it so ordered.